[Civil No. 3227.   Filed November 16, 1932.]

[15 Pac. (2d) 949.]

FRED HARVEY COMPANY, a Corporation, and GENERAL ACCIDENT ASSURANCE CORPORATION, LIMITED, a Corporation, Petitioners, v. THE INDUSTRIAL COMMISSION OF ARIZONA, R. B. SIMS, WM. E. HUNTER and C. W. HARTMAN, Members of the Industrial Commission of Arizona, Respondents.

Mr. W. L. Barnum, for Petitioners.

Mr. Burt H. Clingan, for Respondents.

ROSS, J.—This is an appeal by the employer, Fred Harvey Company, and the insurance carrier, General Accident Assurance Corporation, Limited, from an award by the Industrial Commission of Arizona to J. E. McKenzie, employee.

On October 24, 1931, McKenzie filed an application with the Industrial Commission claiming that on August 18, 1931, while he was working for the Fred Harvey Company at Bright Angel Camp, Grand Canyon National Park, as a vegetable man, it fell to him to put a sack of potatoes into a bin off the kitchen; that while he had the sack on his shoulder his right trouser leg caught in the bail of a lard tub, throwing him against the potato bin and hurting "his spine in the small of his back."

The commission, after investigating McKenzie's claim, on December 10, 1931, made the following findings and award:

"Findings.

"1. That the above named applicant, while employed in the State of Arizona by the above named defendant employer . . . sustained an injury by accident arising out of and in the course of his said employment on August 18, 1931, which injury caused

temporary disability entitling said applicant to compensation in the sum of $24.45 every fifteen days, until said applicant is able to resume employment and/or until the further order of this Commission.

"2. That the compensation for temporary disability accrued as of December 10th, 1931, is $184.19. . . .

"Award.

"Award is hereby made payable to said applicant by the above named defendant insurance carrier as follows:

"1. The sum of $184.19, payable forthwith.

"2. The sum of $24.45, payable to said applicant every fifteen (15) days, the first payment due as of December 25, 1931, and subsequent payments every fifteen days thereafter until said applicant is able to resume employment and/or until the further order of this Commission."

The employer and the insurance carrier, on December 30, 1931, applied to the commission for a rehearing, assigning as reasons or grounds therefor the following:

"1. That the evidence before said Industrial Commission in said matter does not support the findings and award of said commission.

"2. That the said findings of the Commission are not sufficient to support an award in favor of said applicant. . . .

"3. That the said applicant did not receive any injury while employed in the State of Arizona by the defendant employer, Fred Harvey.

"4. That the said applicant, J. E. McKenzie, did not, while employed by the said employer Fred Harvey Company, receive any accident arising out of and in the course of his employment with the said defendant employer, Fred Harvey Company."

The application for rehearing was granted, and on February 2, 1932, at the El Tovar Hotel, Grand Canyon, testimony for and against the claim was taken and thereafter submitted to the Industrial Commission for consideration and decision. On

March 29, 1932, the commission entered an order affirming its findings and award of December 10, 1931.

The employer and the insurance carrier, within the thirty days prescribed (section 1452, Rev. Code 1928), applied to and received from this court an order directing the commission to certify the record to us for review.

The petitioners in their brief make no assignments of error but do set forth seventeen "objections" to the findings and award, many of which are repetitions of the same points stated in different ways. We have carefully considered such objections and think they may be reduced and stated as follows: (1) That the evidence fails to support the findings and award; (2) that there is no basis upon which the amount awarded could be figured because the evidence fails to show the employee's wages; (3) that there is no finding as to the probable duration of the employee's temporary disability; (4) that the award is void in that it is not limited to the time of the employee's incapacity; (5) that the evidence shows that the employee was suffering from injuries received prior to his employment by the defendant, and that the injuries complained of were not sustained while in the employ of defendant; (6) that the award is erroneous because it failed to take into consideration the percentage of employee's disability by reason of previous injury; (7) that the employee ought not to recover since he failed to promptly notify his employer of his injury, but on the contrary only complained of being sick or ill.

Perhaps these questions can be most advantageously considered in connection with the evidence, the essential part of which we now state. McKenzie, at the time of the alleged accident, was 34 years old. He was deaf and had a great deal of trouble in mak-

ing himself understood because of defective speech. Some of the witnesses say he was partially dumb— "could talk a little." The same day he claims to have been injured he told the manager of the Bright Angel Camp, E. L. Lindsey, that he was sick and wanted a doctor; but, according to Lindsey, did not say that he had received an injury. One of his fellow workers, Melvin Lester, states that McKenzie reported his injury to the manager the same day he was hurt. The Fred Harvey Company doctor, to whom he was sent, treated him at his office on August 19th for a sacro-iliac sprain. The doctor was asked if he inquired of McKenzie if he had had an accident, to which he made the following answer:

"No not directly. He came in and tried to tell us and we couldn't understand him but he kept putting his hand on the sacro-iliac region and we asked him to strip and we could find no external evidence of any trouble of any kind and then he tried to tell us about his work—said it was too heavy for him and 'big sack of potatoes' was about all we could get but he didn't say anything directly about a fall."

Because McKenzie got no better the doctor recommended that he go to Flagstaff and be X-rayed. He did not go to Flagstaff because he could not pay for X-rays and the company would not. He laid off until August 31st, when he resumed work but was unable to continue, and, on September 16th, he ceased to work for the Fred Harvey Company. That company secured for him free transportation to Denver.

Before going to Denver and on September 18th, he wrote from Bright Angel Camp to the Industrial Commission stating that he had been working for the Fred Harvey Company as a vegetable man and was hurt in his back in such a way that he could not work. He requested the commission to take the matter up for him. At Denver the Industrial Commission's physician gave McKenzie a thorough examination

and summed up the result thereof as follows (under date of November 23, 1931) :

"It is my judgment that such an accident (which he claims occurred August 18, 1931), if it occurred, might bring about the picture this man presents. I would therefore say that from the man's story of his accident coupled with the findings in his case it is my judgment he is suffering from sacro-iliac disease sustained by accidentally falling while carrying a heavy weight. . . . "

The contention that McKenzie had suffered a previous injury is based upon the statement of Lindsey that he knew McKenzie at Amarillo, Texas, some five or six years before; that he rode a motorcycle and he *understood* he had a "spill" and "received an injury to his back." This of course was no evidence that McKenzie had suffered a previous injury to his back.

The evidence refutes most of the petitioners' contentions. It shows the relation of employer and employee and that the latter was injured by accident arising out of and in the course of his employment; that he immediately reported his injury to his employer and that the employer's doctor treated him; that he suffered a temporary total disability; and that his wages per month were $75. The evidence in contradiction is not at all convincing. Under such circumstances, the Industrial Commission's findings of fact are accepted by us as true. *Ezekiels* v. *City of Tucson et al., ante,* p. 41, 15 Pac. (2d) 253, just decided.

The award in its amount is not bad. The statute, subdivision (B) of section 1438, fixes the compensation for temporary total disability at sixty-five per cent. of the employee's average monthly wage, and that is what the compensation given amounts to.

By the same provision such compensation can be given only one hundred months during the period of

such disability. The failure of the award arbitrarily and in advance to ·fix the length of time within the limit that compensation may be paid is not error. In the very nature of the case no one could foresee when the disability would disappear. The effect of the award is that McKenzie be paid compensation during his disability, but not beyond one hundred months. The commission retains a continuing jurisdiction over the matter and may, under proper showing, alter, change, re-arrange, or entirely stop the compensation. *Zagar* v. *Industrial Com.*, 40 Ariz. 479, 14 Pac. (2d) 472. Payment of compensation "shall not continue after· the disability ends." (w) subdivision (C), section 1438, *supra.*

Counsel have stipulated some issues. They say:

"By agreement . . . several propositions have been formulated for adjudication by Your Honorable Court."

We have examined such propositions and our conclusion is that answers to them should be postponed until a fact situation arises requiring their solution. So far as this case is concerned they are abstract questions. Generally speaking, they seek to obtain the opinion of the court as to the effect the Industrial Commission should give, in arriving at its award, to any previous disease, or injury or disability, in case an applicant for compensation appears to have suffered in those respects. We think the information sought is entirely outside of this case. Under our statutes, the compensation for temporary total disability is not arrived at by comparing the employee's ability to work after the injury with his ability before, or by deducting from the compensation fixed a percentage on account of previous disease or injury. If the employee suffers a temporary total disability while on duty, he is entitled to sixty-five per cent. of his average monthly wage for a

period not exceeding one hundred months. That is all there is to it.

The award is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.