[Civil No. 4600.   Filed June 14, 1944.]

[149 Pac. (2d) 685.]

EDDIE JACKSON, Petitioner, v. DEL E. WEBB
CONSTRUCTION COMPANY; THE INDUS-
TRIAL COMMISSION OF ARIZONA; RAY
GILBERT; C. EARL ROGERS and L. C.
HOLMES, as Members of and Constituting THE
INDUSTRIAL COMMISSION OF ARIZONA,
Respondents.

Messrs. Cox & Cox, and Mr. Lloyd E. Canfil, for
Petitioner.

Mr. H. S. McCluskey and Mr. Fred O. Wilson, for
Respondent Industrial Commission.

TRUMAN, Superior Judge.—Facts stipulated to by
counsel for both petitioner and respondents disclose:

1. Petitioner, Eddie Jackson, was employed by respondent, Del E. Webb Construction Company, which company is insured against liability for compensation under the Workmen's Compensation Law of Arizona;

2. That while petitioner was so employed by said company he sustained an injury by accident arising out of and in the course of said employment;

3. That petitioner duly made and filed this claim within the provisions of said Workmen's Compensation Law and that the injury sustained resulted in total temporary disability and such condition existed at the time of the award;

4. Applicant was employed by said company on January 27, 1942, and worked the following number of hours on the following dates prior to the date of his injury:

Tuesday, January 27, 8½ hours,
Wednesday, January 28, 9 hours,
Thursday, January 29, 9 hours,
Friday, January 30, 9 hours,
Saturday, January 31, 9 hours,
Sunday, February 1, 9 hours,
Monday, February 2, 9 hours,
Tuesday, February 3, 9 hours.

5. That applicant's wage was 75¢ per hour with time and a half ($1.12½) for all hours over 8 hours per day or 40 hours in the week and time and a half for all work on Saturday, Sundays and holidays;

6. That applicant was not continuously employed 30 days immediately preceding February 4, 1942, the date of injury to applicant, except as above listed;

7. That other employees of the said company doing the same work as applicant received the same wage as petitioner and averaged 9 hours per day, 7 days per week for the month immediately preceding date of injury;

8. That there was continuously available to applicant employment averaging 9 hours per day, 7 days per week;

9. That applicant was paid by the said company the sum of $62.44 as wages, being 40 hours at 75¢ per hour and 23½ hours at overtime rate of $1.12½ per hour;

10. Applicant is married and has children totally dependent upon him, residing with him;

11. That respondent commission calculated petitioner's average monthly wage by dividing the total amount of wages received by petitioner for the 8 days by 8 and multiplying the result by 30, arriving at a figure of $234.00, and upon such sum based the award.

Other stipulated facts have no bearing upon the question involved in this appeal, the sole question being the interpretation of the third sentence of Section 56–952, Arizona Code Annotated 1939, which reads as follows:

"If the injured or killed employee has not been continuously employed for the period of thirty (30) days immediately preceding the injury or death, the average monthly wage shall be such sum as, having regard to the previous wage of the injured employee, or of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident."

It can be immediately seen that in order to determine this case it is necessary to adjudicate whether or not the commission correctly interpreted such third sentence of the above numbered section. In other words, did the commission by taking this applicant's total earnings during the time he worked, that is from January 27 to February 3, inclusive, and dividing that sum by 8 and multiplying the dividend by

30, properly comply with the provisions of said paragraph?

It is further readily ascertainable that the said third sentence of said paragraph is disjunctive. In other words, it affords the commission two alternative ways of determining the average monthly wage of an employee under such circumstances, (1) having regard to the previous wage of the injured employee, or (2) having regard to the previous wage of the other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality. Both such provisions are limited by the following language:

" ' . . . the average monthly wage shall be such as, . . . reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident. . . . ' " *Hershkowitz* v. *Arizona Highway Dept.*, 56 Ariz. 494, 109 Pac. (2d) 46, 48.

■ The record discloses that the Industrial Commission arrived at this award on the basis of the first clause of sentence two of the above-quoted section. Therefore, the question resolves itself to the interpretation of the word "previous" or the term "previous wage." Does the term "previous wage" mean a wage prior to the employment of the applicant by the Del E. Webb Construction Company? We are of the opinion such is not the case; that the correct interpretation of such term is the wage of such employee immediately preceding the time of injury. This interpretation of the word "previous" or the term "previous wage" becomes clear when one reads such term in connection with the words "in the employment in which he is working at the time of the accident" appearing in the closing part of the sentence.

■ The commission having exercised its alternative right and having awarded the applicant under

the first *proviso* of said sentence, this court cannot say, as a matter of law, that the said award so arrived at does not reasonably represent the monthly earning capacity of the applicant in the employment in which he was working at the time of the accident, nor can this court in any sense find that the action of the commission was arbitrary.

It therefore follows that the award must be affirmed.

ROSS and STANFORD, JJ., concur.

NOTE: Because of the illness of McALISTER, C. J., the Honorable W. C. TRUMAN, Judge of the Superior Court of Pinal County, was called in to sit in his place and stead.