**267 P.2d 736**

**HAMLIN**

**v.**

**INDUSTRIAL COMMISSION et al.**

**No. 5800.**

Supreme Court of Arizona.

March 1, 1954.

Rehearing Denied March 23, 1954.

Richey & Herring, Tucson, for petitioner. Graydon Beeks of counsel.

Robert E. Yount, Phoenix, for respondents The Industrial Commission of Arizona, John R. Franks, Priscott, Donald J. Morgan. Robert K. Park, Phoenix, of counsel.

WINDES, Justice.

Frank M. Hamlin, Jr., hereinafter designated petitioner, sustained an injury arising out of and in the course of his employment and filed a claim with the In-dustrial Commission of Arizona, hereinafter designated Commission, for compensation under our workmen's compensation law. On March 18, 1948, the Commission made findings and order that the claim was compensable and commenced the payment of compensation for total temporary disability calculated on the basis of an average monthly wage of $347.60. In October, 1948, petitioner was hospitalized and laminectomy and exploration for disc was done followed by spinal fusion. Approximately two years following the filing of the claim and findings and order of the Commission, on February 9, 1950, the Commission wrote petitioner to the effect that at the time of making the initial findings and order, it appeared his average monthly wage was $347.60, but that subsequent investigation developed the fact that the average monthly wage should have been $97.20 and proposed to adjust his compensation accordingly without requiring refund. This was protested by petitioner and after further investigation, the following month the Commission by letter to the petitioner changed the wage base to $246.60. The record further shows that on May 1, 1950, after still further investigation, the average monthly wage was again changed to $255.90. On June 24, 1950, the Commission made its formal findings and award. In the findings are the following:

"5. That said applicant is entitled to compensation for total temporary disability from February 25, 1948.

through January 20, 1950, in the sum of $5,472.89 which was computed on the wage of $347.60.

"6. Readjustment of the wage pursuant to the Decision of the Supreme Court of the State of Arizona of William E. Steward vs. The Industrial Commission of Arizona and Chambers Transfer & Storage Company, reveals that additional compensation should be based on the adjusted average monthly wage of $255.90."

The award allowed compensation as authorized by these findings.

Petitioner filed notice of protest of the foregoing award but filed no petition for rehearing. Payments were made and received under this award until the following December, when petitioner filed his application for reopening and readjustment on the basis that he was suffering from previously undiscovered disability. This petition was allowed and on January 8, 1951, the Commission made its findings and award to the effect that petitioner was suffering from additional or previously undiscovered disability and allowed compensation for total temporary disability until further order of the Commission. Subsequent to this award, doctors who examined petitioner recommended that a second attempt at spinal fusion by surgery be made. After considerable correspondence and consultation with doctors furnished by the Commission, petitioner not having advised the Commission if he would submit to this second surgical operation, the Commission by letter on July 21, 1951, advised petitioner that if it did not hear from him within ten days, it would assume he had refused to submit to the recommended surgical operation and would proceed to close his case. Not receiving any reply to this letter, the Commission did on August 13, 1951, order that no further compensation be payable to the petitioner as of July 17, 1951, until he "either submits to the treatment recommended, or until further competent medical evidence is submitted to the Commission indicating the advisability of some other type of treatment." Nothing further was done in the matter until the following January when, pursuant to correspondence between the Commission and petitioner, a medical advisory board of five doctors was appointed and after its examination of petitioner, it reported under date of March 3, 1952, that since the board was unable to guarantee success of a second operation, it was obvious petitioner would refuse the offer of surgery. The board also found that his condition was stationary with no further treatments indicated and that he had a 20 percent functional disability.

On April 6, 1952, petitioner filed a petition with the Commission asking to set aside the suspension order of August 13, 1951, and that he be allowed compensation calculated on an average monthly wage of $347.60. A hearing was held on this peti-

tion resulting in the final award involved herein which award adjudged that the suspension order was reasonable; that the award of June 24, 1950, had become final; and allowed petitioner compensation under the terms thereof from July 18, 1951, until further order of the Commission. Rehearing having been denied, we issued certiorari.

We have held that while our compensation law provides for no express continuing jurisdiction, yet for the purpose of rearranging compensation for subsequently discovered disability, the Commission has the implied power to open the case and readjust a former fixed compensation in accordance with a changed physical condition, Zagar v. Industrial Commission, 40 Ariz. 479, 14 P.2d 472, or to adjust earning capacity resulting from a changed physical condition, Lee v. Industrial Commission, 71 Ariz. 171, 224 P.2d 1085. We have also held that such rearrangement could operate only prospectively, the former award at the time of judgment being res judicata as to the physical condition prior to the change. Zagar v. Industrial Commission, supra; Beutler v. Industrial Commission, 67 Ariz. 72, 190 P.2d 918.

We have also extended this continuing jurisdiction to a situation where a former award was based on mere clerical error or mutual mistake. Hamer v. Industrial Commission, 43 Ariz. 349, 31 P.2d 103; Martin v. Industrial Commission, 63 Ariz. 273, 161 P.2d 921. We are now asked to extend this power of continuing jurisdiction to enable the Commission to modify an average monthly wage on the basis only of a subsequent change in the law prescribing the method of calculating such wages. In arriving at the average monthly wage of $347.60, the Commission used the formula which was used in the case of Jackson v. Del E. Webb Const. Co., 61 Ariz. 391, 149 P.2d 685. In a later case decided July 18, 1949, this court disapproved the decision in the Jackson case, supra, and prescribed the proper method of arriving at the average monthly wage under facts such as are involved herein. Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217. It was also held in the Steward case that when the Commission had fixed an average monthly wage under the formula authorized by the Jackson case, it could not be changed even if by subsequent decision such formula was held to be incorrect. In other words, a decision interpreting a statute becomes a part thereof and is the law until changed by a different judicial interpretation. When the wage base of $347.60 became effective in February 25, 1948, the Jackson decision was the law, and it was made in accordance with the formula sanctioned by that decision. It was obviously legal if measured by the law announced therein. Under such circumstances the Steward decision holds unequivocably that the fixing of an average monthly wage under such conditions

is binding on the Commission and it has no power to review or disturb it thereafter. The order modifying this wage base shows on its face that it is an attempt to change the average monthly wage because of this court's decision in the Steward case. It is obvious that by the formal award of June 24, 1950, the Commission formally established the original wage base of $347.60 as of February 25, 1948, and allowed compensation thereon through January 20, 1950, then changed the wage base to $255.90 for all subsequent compensation. The Commission only has the power to fix one correct wage base and that is to be fixed as of the date of the injury. Section 56–952, A.C.A.1939. If the $255.90 was correct on January 20, 1950, the effective date given it by the award, it was of necessity the correct figure on February 25, 1948. If the $347.60 was correct on February 25, 1948, it is correct during the entire period of petitioner's disability. The Commission is entitled to pay and the employee entitled to receive during his period of disability compensation calculated on a legally fixed average monthly wage as of the date of his injury. When this is established, it is final and the Commission has no power to change it. It follows that the wage base of $347.60 fixed by the Commission as of the date of injury is res judicata and binding on both the Commission and petitioner.

It is contended by petitioner that the order of August 13, 1951, suspending petitioner's compensation for the reason that he refused to submit to the second spinal fusion operation is void because he was justified in his refusal and could not be penalized therefor. The right and power of the Commission to suspend compensation benefits for refusal to submit to surgical treatment is set forth in section 56–964, A.C.A.1939, as follows:

"\* \* \* The commission may reduce or suspend the compensation of an employee who \* \* \* refuses to submit to such medical or surgical treatment as is reasonably essential to promote his recovery."

In making an order of suspension the Commission necessarily decides that the operation demanded was "reasonably essential to promote his (petitioner's) recovery," for this is the only basis upon which it has the power to make such a demand. In making this decision the Commission cannot act without sufficient facts to warrant its conclusion. Nor can the Commission act independently of the reasonable conduct of the patient. In other words, if the patient on the facts has a reasonable basis for refusing to submit to surgery, the Commission cannot then suspend his payments on the ground that the operation is "reasonably essential to promote his recovery." Grant v. State Industrial Accident Commission, 102 Or. 26, 201 P. 438,

443. In that case it appears that Oregon had a statute the same as ours giving the Commission the power to suspend payments on refusal of such surgery "as the Commission deems reasonably essential to promote his recovery". The Oregon Commission directed the suspension of compensation for the reason that the patient refused to submit to a knee operation. Under the Oregon practice, the validity of this order was tested by a trial before a jury which found as a fact that the patient acted reasonably in refusing the operation and the Court directed the Commission to fix his compensation. In deciding the matter the Court said:

> "We have not discovered any jurisdiction where the Commission or other body administering the statute is given arbitrary power to prescribe an operation under inevitable penalty of loss of compensation in case of refusal by the workman; nor does any statute to which our attention has been called make the right of refusal depend upon the balance of medical opinion. The opinions of medical men, whether divided or unanimous, are not alone and of themselves necessarily controlling. In every jurisdiction the right of the workman is dependent upon his conduct; and his conduct is measured by the course which would be pursued by an ordinarily reasonable man.

> "* * * Our conclusion is that our statute should be construed to mean that the workman's right to compensation is to be suspended if he refuses to submit to an operation to which an ordinarily reasonable man would submit if similarly situated.

> "* * * In the instant case the operation is a major one and there is a risk of producing a result which some persons might deem worse than Grant's present condition. Even though it be assumed that all the material facts are admitted nevertheless it is obvious that reasonable men may differ as to whether Grant acted reasonably in refusing to submit to the proposed operation. Each case will depend largely upon its own facts and circumstances, but it appears to us that the facts and circumstances related in the record here were such as to make the question for decision one of fact for the jury and not one of law for the court."

Each case must be determined upon the particular facts. The facts here are a former spinal fusion resulting in failure. It cannot be disputed that such an operation is a major one with attendant hospitalization and suffering. The medical advisory board of five doctors appointed by the Commission examined the patient and reported his condition stationary with 20 percent functional disability the same as that which existed two years previously. In fact the Commission in its brief states as follows:

"After much correspondence, compensation benefits were suspended pending a determination by the Petitioner of his intentions. After hearings at which Petitioner examined various Orthopedic experts, *it became apparent that the surgery was not advisable on this particular Petitioner.* * * *" (Emphasis supplied.)

The Commission then proceeded to restore his compensation for permanent partial disability as of July 18, 1951, the date the suspension order became effective. From the foregoing we are of the view that the petitioner cannot be said to have acted unreasonably in refusing to submit to the operation and under the principles herein announced the Commission had no right nor power to decide that the demand for the operation was reasonably essential to the promotion of his recovery and the order was therefore void.

On August 13, 1951, when the Commission made its void suspension order, petitioner was drawing total temporary compensation under the award of January 8, 1951. The final award which is before us here eliminated the temporary total allowance subsequent to the effective date of the void suspension order. In other words, the award herein operates retroactively from its date, January 2, 1953, to July 18, 1951. We have held that an award may not be altered, amended or rescinded without first establishing facts justifying the change. Steward v. Industrial Commission, supra. On January 2, 1953, the date of the award questioned herein, the facts were found to exist from which it finally rearranged petitioner's compensation from the temporary total to the permanent partial, and the effect of this award is to make this change in status effective July 18, 1951, one and one-half years prior to the time the facts warranting the change were found to exist. The Commission has no such power. Applying this rule, the suspension order being void, we are of the view that when the final award herein was made, it could operate only from the date thereof and could not wipe out a part of the adjudicated temporary award of January 8, 1951. He is entitled to this temporary award until it is changed.

Petitioner contends he filed a claim with the Commission on or about February 4, 1949, for compensation for a broken leg which he says was attributable to the original injury, and that the Commission has never passed thereon. We find no such claim in the record but assuming the same was filed, there have been three formal awards since that time and presumably all physical disabilities were considered and adjudicated.

It is our view that on January 2, 1953, the date of the award here in question, petitioner was entitled to compensation measured by the extent of his adjudicated disabilities for the respective periods heretofore fixed and measured by the average

monthly wage established at $347.60. The award fails to give him this relief and it is therefore set aside.

PHELPS, C. J., and STANFORD, LA PRADE, and UDALL, JJ., concur.