375 P.2d 866

Winford S. JOHNSON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona
and Yuma County Fair, Inc., Respondents.

No. 7513.

Supreme Court of Arizona,

En Banc.

Nov. 14, 1962.

Rehearing Denied Dec. 4, 1962.

**264**

Cameron & Varga, Yuma, for petitioner.

Donald J. Morgan, Phoenix, for respondent Industrial Commission of Arizona; Edward E. Davis, C. E. Singer, Jr., Lorin G. Shelley, Ben P. Marshall, Phoenix, of counsel.

JENNINGS, Justice.

Petitioner, Winford S. Johnson, was confined in the Yuma County jail on August 8, 1958. Yuma County Fair, Inc., a non-profit private corporation, applied to the Yuma County sheriff for prisoners to assist in dismantling some buildings near Dateland, Arizona. Petitioner, one of the prisoners given the opportunity to work, was injured while assisting in dismantling the buildings. He filed a claim with the Industrial Commission of Arizona for compensation. The Commission made findings and award of noncompensable claim. The award was affirmed on rehearing and the matter then brought before this Court by Writ of Certiorari. We set aside the findings and award of noncompensable claim in

Johnson v. Industrial Commission, 88 Ariz. 354, 356 P.2d 1021 (1960).

Following the decision of this Court the Commission held a hearing and thereafter entered its "Decision Upon Hearing And Findings And Award For Unscheduled Permanent Partial Disability" wherein the Commission found that the average monthly wage of the petitioner was $105.54 and that petitioner was entitled to compensation for total temporary disability from August 18, 1958 through February 3, 1959 in the sum of $439.28. He was awarded accident benefits through February 3, 1959 and compensation in the amount of $439.28. Petitioner protested the findings and award and filed for rehearing. The Commission entered an order denying rehearing and affirmed its previous findings and award. Petitioner again brings the matter before this Court by Writ of Certiorari.

Petitioner assigned as error the finding of the Commission that (1) petitioner's average monthly wage was $105.54; (2) that the total compensation for which petitioner was entitled was $439.28; and (3) that the period of total temporary disability ended on February 3, 1959.

Petitioner had been a carpenter in the Yuma area since 1942. At the time of the accident he was suffering from an asthmatic condition. This condition prevented him from working all of the time during the hot summer months when the most con-

struction work was available. Petitioner also lost time from work because of his drinking habits. His earnings during the seven month period immediately preceding the accident were $736.32. In 1957 he earned $1,291.81 (including $700 for miscellaneous carpentry, not verified), and in 1956, $1,860.94 (less $384.00 car expense and $100 tool expense not compensated for). At the time of the accident petitioner had been employed by Yuma County Fair, Inc. for less than thirty days. Yuma County Fair, Inc. compensated him by providing him with food, lodging, sundries and cigarettes.[1]

In computing the petitioner's average monthly wage the Commission took into consideration petitioner's prior earnings as a carpenter. His earnings from January 1, 1957 to August 7, 1958 were divided by 584 (the number of days). The resultant sum, $3.47, was then multiplied by 30.416 (factor for average month in a year). Thus, the Commission arrived at the average monthly wage of $105.54.

Petitioner contends that since he was in jail he had no work history upon which the Commission could reasonably base an award based upon the petitioner's average monthly wage. It is his position that he is entitled to compensation based upon the average wage of a similar worker, doing similar work in the same area. He argues that inasmuch as the hourly wage of a person engaged in similar employment at that time was $3.19 per hour, his average monthly wage would be $842.16.[2]

The measure of compensation for injuries received in industrial accidents is computed on the basis of the injured employee's "average monthly wage at the time of injury." Where the injured employee has not been continuously employed for the period of thirty days immediately preceding the injury, A.R.S. § 23–1041B provides:

"* * * the average monthly wage shall be such amount as, having regard to the previous wage of the injured employee or of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident."

Under such provision consideration must be given either to the previous wage of the injured person or to the previous wage of other employees in the same or most similar employment in the same or neighboring locality. The Commission may consider the

---

1. In addition, petitioner was to be given three days credit on his sentence for each day worked.

2. This figure is based on a 12 hour day (petitioner was to work from 6 a. m. to 6 p. m.) and a 22 working day month. There is no indication in the record as to how long the employment was to last.

previous wage of the injured person if he had been employed a length of time reasonably sufficient in that neighborhood in the same employment to enable the Commission to determine what his average monthly wage would be. Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949). However, where he has not, it would be necessary to consider the previous wage of other employees in the same or most similar employment in the same or neighboring locality in determining the average monthly wage. Steward v. Industrial Commission, supra.

———

■ In the instant case the petitioner had worked less than thirty days. In addition, he was compensated by Yuma County Fair, Inc., providing him with food, lodging, sundries and cigarettes. His "previous wage" (food, lodging, sundries and cigarettes) would not reasonably represent his monthly earning capacity in that employment. Hence, the Commission should have considered the previous wage of other employees in the same or most similar employment in the same or neighboring locality. Steward v. Industrial Commission, supra. See also Kelsey v. Industrial Commission, 79 Ariz. 191, 286 P.2d 195 (1955).

However, petitioner's work record is a factor to be taken into consideration in arriving at what reasonably represents his monthly earning capacity. The Commission may take into consideration petitioner's lost time from work due to his asthmatic condition and his drinking habits as they affect his monthly earning capacity. See Field v. Industrial Commission, 73 Ariz. 133, 238 P.2d 953 (1951).

■ Petitioner also contends he was entitled to compensation until June 1959 since that was the date on which he was first able to return to work. The only evidence offered in support of such assignment is petitioner's own statement that he was not able to return to work until then. The record shows that petitioner had completed his physiotherapy and was no longer under the care of any doctor after February 3, 1959. The mere showing by petitioner that he had not returned to work is not proof of the fact that he was unable to work. Kelsey v. Industrial Commission, supra.

The award is set aside.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.