455 P.2d 470

**Teddy A. TURLEY, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Lester Bartlett and James L. Koch, (B Bar K Silversmiths), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 237.**

Court of Appeals of Arizona.

June 17, 1969.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

Michael A. Lasher, Jr., Chief Counsel, for respondent, The Industrial Commission.

Robert K. Park, Chief Counsel, by Courtney L. Varner, Phoenix, for respondent Carrier, State Compensation Fund.

STEVENS, Judge.

The petitioner sustained an unscheduled injury which resulted in a permanent partial physical functional disability. By an award entered on 8 May, 1967, The Industrial Commission found that he did not sustain a loss of earning capacity. A petition for hearing was filed. A formal hearing was held. On 1 March, 1968 an award was entered affirming the 8 May, 1967 award. The problem presented to the Court is whether the evidence reasonably supports this finding and the failure of the Commission to grant an award of compensation.

Bartlett and Koch were partners engaged in a specialty business, the manufacture of western buckles, bolo ties and similar specialty items. · They are the respondent employers. Both men were active participants in the business. Including the petitioner they had three employees. Manual dexterity was an essential element of the skill required to produce the partnership's products.

The petitioner at the age of 33 years after 8 years of service in the Navy during which time, he testified, he did not acquire a skill he could use in civilian life, became employed by the respondent employers. He was employed on 19 September, 1966. He was injured on 11 October, 1966 while operating a punch press. As a result of the injury he sustained the "traumatic amputation [of] both index fingers to [the] level of [the] distal joint." The petitioner's average monthly wage at the time of his injury was $264. His wage scale was $1.50 per hour. In addition to this employment he enjoyed some degree of success as a professional entertainer. He sang and played the guitar. It was urged on oral argument that his income from his music should have been considered. We find that the record does not sustain a basis for presenting this potential issue to us. It is our opinion that his earnings in the employment in which he was engaged at the time of his injury are the proper basis for determining his average monthly wage. Mickelson v. Industrial Commission, 7 Ariz. App. 182, 437 P.2d 666 (1968) (review denied).

Prior to his injury the petitioner was " * * * training for general shop, in other words, all around * * * silversmithing." After his 11 October injury and on 31 October, he returned to full-time employment. He continued his employment and was so engaged at the time of the formal hearing which was held on 21 September, 1967. He testified that at the time of the hearing his index fingers were stiff and tender. The petitioner testified that the thumb and index finger are the portions of the hand used most extensively in the work in which he was engaged. There, is evidence that his work was reasonably satisfactory, but slower than before his injury, and that there were some operations in the shop which he could not perform. Some of the operations which he did perform were not as satisfactorily performed.

On his return to work after his injury his rate of pay was $1.50 per hour. One of the partners, the brother-in-law of the

petitioner, testified at the hearing. There was testimony that the petitioner's services were not of a greater value than $1.10 per hour. It was established that the minimum wage was $1.45 per hour. The testimony indicated that it takes training to do the work which the petitioner was performing even after his injury. There was testimony that it is difficult to find persons capable of doing the work which the petitioner was performing. $1.50 per hour would be a reasonable wage to pay other persons "if they would work for that * * *."

The brother-in-law presented some testimony which would appear to make the rules of Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710 (1959) applicable. The testimony would have supported a finding of continued employment based upon sympathy, on family loyalty, and the fact that the petitioner was injured in the course of the operation of the business which continued his employment. However, the overall evidence supports the finding of the Commission of no loss of earning capacity.

■ Post injury earnings create a presumption in determining earning capacity, but are not the sole factor to be considered. Laird v. Industrial Commission, 8 Ariz. App. 196, 445 P.2d 79 (1968); Soto v. City of Tucson, 8 Ariz.App. 199, 445 P.2d 82 (1968); Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967); and Shroyer v. Industrial Commission, 99 Ariz. 266, 408 P.2d 406 (1965).

▪ ■ After the entry of the 1 March, 1968 award a new petition for hearing was filed. The petition urged that the evidence established a 40¢ per hour gratuity in connection with the petitioner's current earnings and that the petitioner was unable to hold the job on the open market in competition with others who had the full use of their members. The petition urged that petitioner did sustain a loss of earnings. The denial of this petition placed the claim in the posture for the appeal to this Court.

We find the presence of evidence which would reasonably sustain the award.

The award is affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.