466 P.2d 799

*Adelaido P. DIAZ, Petitioner,*

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Central Commercial Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 238.**

Court of Appeals of Arizona, Division 1, Department A.

March 24, 1970.

Gorey & Ely, by Joseph M. Bettini and Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Courtney L. Varner, Phoenix, for respondent Carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the findings and award of the Industrial Commission of Arizona which determined petitioner's average monthly wage based upon his actual earnings for a one-year period prior to the injury.[1]

We are called upon to determine whether the Commission used the proper wage base when they considered only petitioner's previous earnings in determining average monthly wage.

The petitioner, 42 years old with a limited education, was a person who was legally

1. This case was decided under the law as it existed prior to 1 January 1969.

blind at the time of his injury, although he did have limited vision. He was hired by the respondent employer to do manual labor. After working for approximately three and one-half days he sustained a right foot injury resulting in a 10% loss of function of the use of the right foot and which, when combined with his preexisting (non-industrial) limitation of vision, resulted in an unscheduled disability. (A.R.S. § 23–1044, subsecs. C & F)

■ The Industrial Commission found that petitioner's average monthly wage was $148.13 per month based on applicant's actual earnings with a soft-water laundry company and from Goodwill Industries in Texas during the 12 months prior to the employment in which he was injured. This Court had previously held that the $200 minimum wage determination as provided in subsection F of A.R.S. § 23–1041 does not apply where, as here, the injury occurred prior to the effective date of the amendment (15 March 1963). Magana v. Industrial Commission, 4 Ariz.App. 453, 421 P.2d 535 (1966), Stevens v. Industrial Commission, 11 Ariz.App. 1, 461 P.2d 177 (1969), review denied 27 January 1970.

After the accident the petitioner was able to obtain employment operating a vending stand with the help of the Arizona State Department of Welfare Services for the Blind. The testimony indicated that he had earned anywhere from $102 to $279 a month during that time, and based upon the prior determination of monthly wage the Commission found that the petitioner had suffered no loss of earning capacity as a result of the injury.

We have only to consider whether the Commission used the correct base in determining petitioner's average monthly wage.

■ The Commission based its determination of petitioner's average monthly wage upon his prior employment and not upon the employment in which he was engaged at the time of the injury. It is the contention of the petitioner that because he had not worked a full month, the Commis-

sion must base its decision on comparable industry in the location. With this we agree.

We have stated that earnings in employment in which the claimant was engaged at the time of his injury are the proper base for determining average monthly wage, Turley v. Industrial Commission, 10 Ariz. App. 21, 455 P.2d 470 (1969), Mickelson v. Industrial Commission, 7 Ariz.App. 182, 437 P.2d 666 (1968), review denied 4 June 1968, and our Supreme Court has indicated that absent a work history upon which to base the determination, the Commission must use the comparable employment test. Johnson v. Industrial Commission, 92 Ariz. 263, 375 P.2d 866 (1962).

Our Supreme Court has stated:

"It must be remembered that compensation to an injured employee under the provisions of the Workmen's Compensation Act is based on the average monthly wage of the injured employee in the employment in which he is working at the time of the accident. Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 * * *." Shaw v. Salt River Valley Water Users' Ass'n, 69 Ariz. 309, 311, 213 P.2d 378 (1950).

And:

"* * * Therefore, the question resolves itself to the interpretation of the word 'previous' or the term 'previous wage.' Does the term 'previous wage' mean a wage prior to the employment of the applicant by the Del E. Webb Construction Company? We are of the opinion such is not the case; that the correct interpretation of such term is the wage of such employee immediately preceding the time of injury. This interpretation of the word 'previous' or the term 'previous wage' becomes clear when one reads such term in connection with the words 'in the employment in which he is working at the time of the accident' appearing in the closing part of the sentence." Jackson v. Del E. Webb

**582**

Construction Co., 61 Ariz. 391, 394, 149 P.2d 685 (1944).

The award is set aside.

DONOFRIO, P. J., and STEVENS, J., concur.