412 P.2d 284

**Michael D. YANEZ, Appellant,**

v.

**The STATE of Arizona, and Frank A. Eyman, Warden, Arizona State Prison, et al., Appellees.**

**No. 2 CA–CIV 149.**

Court of Appeals of Arizona.
March 15, 1966.

Michael D. Yanez, in pro. per.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for appellees.

KRUCKER, Chief Judge.

This is an appeal from an order of the Superior Court of Pinal County, Arizona, denying appellant's application for a writ of habeas corpus filed in June 1965.

Appellant, Michael D. Yanez, was informed against in the Superior Court of Pima County, Arizona, for the crime of burglary, first degree. He entered a plea of not guilty and was tried before a jury, Honorable John F. Molloy presiding. Defendant was convicted May 18, 1964, and sentenced to a term of not less than six nor more than ten years. No appeal was taken from this conviction.

■ This appeal from the denial of the writ of habeas corpus raises two questions. First, that the defendant was denied counsel at the preliminary hearing; and, second, that evidence of a "heel print" was erroneously presented and admitted at the trial of the case. No authority is cited as to why the admission of the "heel print" was erroneously admitted. This Court has no transcript of the testimony or proceedings of the trial and, therefore, this Court must affirm the decision of the superior court.

■ As to the denial of counsel at the preliminary hearing, prior to the filing of the information, the record discloses that the defendant was advised of his right to counsel by the justice of the peace at the preliminary hearing and did not obtain nor ask for counsel. Failure to assign counsel prior to a preliminary examination is not error unless a defendant's position is prejudiced thereby. State v. Smith, 99 Ariz. 106, 407 P.2d 74 (1965); State v. Gortarez, 98 Ariz. 160, 402 P.2d 992 (1965); State v. Schumacher, 97 Ariz. 354, 400 P.2d 584 (1965); State v. Peats, 97 Ariz. 133, 397 P.2d 631 (1964). At the preliminary hearing witnesses were sworn, examined and cross-examined. At the arraignment counsel was appointed and represented defendant in the superior court and was present at all subsequent proceedings in the superior court.

■■ A proceeding commenced by the filing of a petition for a writ of habeas corpus primarily concerns jurisdiction and requires that the petitioner be found to be held illegally. Applications of Oppenheimer, 95 Ariz. 292, 389 P.2d 696 (1964); Petition of Walker, 92 Ariz. 125, 374 P.2d 878 (1962), rehearing denied, 92 Ariz. 328, 376 P.2d 857; Oswald v. Martin, 70 Ariz. 392, 222 P.2d 632 (1950). There was nothing before the superior court or before this Court on appeal to indicate in any way that the defendant was or is now illegally restrained. The appeal to this Court is only an attempt to retry the original conviction on its merits.

The judgment of the Superior Court of Pinal County, denying the writ of habeas corpus, is affirmed.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge John F. Molloy having requested that he be relieved from consideration of this matter, Judge Jack G. Marks was called to sit in his stead and participate in the determination of this decision.