421 P.2d 535

**George MAGANA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent Insurance Carrier, General Construction Supply Corporation, Respondent.**

**No. I CA–IC 67.**

Court of Appeals of Arizona.

Dec. 22, 1966.

Chris T. Johnson, Phoenix, for petitioner.

Robert K. Park, Chief Counsel by Robert D. Steckner, Howland F. Hirst, Phoenix, for respondent, Industrial Commission.

DONOFRIO, Judge.

By writ of certiorari we are asked to review the lawfulness of an award of the Industrial Commission of Arizona.

On May 31, 1962, the petitioner, George Magana, suffered a compensable injury. In their Findings and Award, dated December 20, 1962, the Industrial Commission set his average monthly wage at the time of injury at $74.64. This award became final without protest. The $74.64 finding was repeated again in a May 1963 award following a petition for reopening, and also in a June 1965 award following an April 1965 reopening.

In June, 1965, petitioner asked for a rehearing on the amount of the average monthly wage, contending that since the previous award the Legislature had amended the law and that his compensation thereafter should be paid on the basis of a $200 a month wage.

The fixing of the average monthly wage is required by A.R.S. § 23–1041, the pertinent portion of which reads:

"A. Every employee of an employer within the provisions of this chapter

who is injured by accident arising out of and in the course of employment, or his dependents in event of his death, shall receive the compensation fixed in this chapter on the basis of such employee's average monthly wage *at the time of injury*." (Emphasis supplied)

The amendment effective March 15, 1963, was the addition of subsection F as follows:

"F. Prior to determination of average monthly wage and thereafter, compensation shall be paid on a basis of a minimum monthly wage of two hundred dollars for employees twenty-one years of age or over."

■ The crucial question is whether § 23–1041, as amended by the addition of subsection F, requires that compensation payments from and after the effective date of the amendment be based on a minimum average monthly wage of $200 where the accidental injury occurred prior to the amendment F, and the average monthly wage had been determined to be less than $200 at the time of injury.

Petitioner asserts the statute is retroactive to the extent that it applies to his injury which antedates the amendment. Respondent, on the other hand, claims that the amendment is not retroactive nor retrospective and that petitioner's compensation rights were established, as were the rights and liabilities of the State Compensation Fund, at the time of the industrial episode in accordance with the law in effect at the time.

A.R.S. § 1–244 states:

"No statute is retroactive unless expressly declared therein."

This policy has been expressly approved by the Supreme Court in compensation cases. Gallo v. Industrial Commission, 83 Ariz. 392, 322 P.2d 372 (1958).

Petitioner is not asking for retroactive benefits beyond the date of the filing of the petition which raises the issue, but claims that the amendment evinces an intention of the Legislature that everyone covered by compensation receive benefits based on a minimum average monthly wage of $200.

For us to accept this contention, we must find that the purpose of the Legislature was to increase minimum benefits in all cases and not merely set a procedure for the Industrial Commission to determine a minimum average monthly wage for each case as it comes to them.

The title of H.B. 203 which was enacted in session laws of 1963, Ch. 18, § 1, to become A.R.S. § 23–1041 amended, was:

"Relating to workmen's compensation; prescribing a minimum wage prior to determination of average monthly wage and thereafter, * * *"

The constitution of Arizona requires that the subject of every bill be expressed in the title. Art. 4, Pt. 2, § 13, A.R.S. The subject of the above title is determination of an average monthly wage and not expansion of benefits to all persons then being compensated on a basis of less than $200 per month.

Even though the amended A.R.S. § 23–1041 is to set a procedure, it embraces substantive rights and is not retroactive since there is no clear intention that it be so. Gallo v. Industrial Commission, supra. Nothing has been presented to us to show that the Legislature had any such intention, nor has our independent search into the legislative history of this amendment revealed any such intent. There is an absence of any language to show an intent to give the amendment retroactive or retrospective effect as to prior cases.

■ The finding of the Industrial Commission was res judicata and must be affirmed.

STEVENS, C. J., and CAMERON, J., concur.