426 P.2d 411

James HOLMAN, Appellant,

v.

The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.

No. 2 CA–CIV 327.

Court of Appeals of Arizona.

April 14, 1967.

**312**

James Holman, in pro. per.

Darrell F. Smith, Atty Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for appellee.

HATHAWAY, Chief Judge.

The appellant James Holman seeks review by this court of the Pinal County superior court's denial of his petition for a writ of habeas corpus.

Although inartfully drafted, the petition filed in the trial court in substance contended that the petitioner's restraint was illegal in that he was deprived of his constitutional right to appeal. A hearing on the merits was subsequently held and petitioner's request for habeas corpus relief was denied.

In support of his claim of interference with his right to seek redress in the courts, the appellant sets forth the following facts which are not controverted by the appellee. From the time of his arrest on October 8, 1958 until December 28, 1962, the appellant had sought relief in the state courts. He refers to a denial of relief on the latter date whereupon he prepared an "Application for a Writ of Certiorari" (presumably to the Supreme Court of the United States) and arranged to have it mailed to a Phoenix attorney. On February 14, 1963, he paid 68 cents postage at the prison mail window and received a receipt therefor. His parcel, however, was not mailed and on or about June 13, 1963 he was called to the prison post office to pick up his parcel. In response to his inquiry as to why it had not been mailed, he was informed that the postage was insufficient. The appellant refused to pay any additional postage.

According to appellant, since he had thereby forfeited his "timely appeal entry to Federal Courts," on February 3, 1964

he filed the subject petition in Pinal County superior court.

The order denying the appellant's petition does not state the reasons for the trial court's ruling. Appellant's contention of error, as we construe his brief, is directed to the trial court's refusal to order him discharged from custody. Therefore the sole question presented for review is: Assuming the truth of the petitioner's allegations, did the trial court err in refusing to order his release?

■ The state contends that the appellant had raised no question to be decided in a habeas corpus proceeding. We have previously stated that a proceeding commenced by the filing of a petition for a writ of habeas corpus primarily concerns jurisdiction and requires that the petitioner be found to be held illegally. Yanez v. State, 3 Ariz.App. 109, 110, 412 P.2d 284 (1966). Appellant did not seek to attack the validity of the judgment of conviction and sentence imposed thereon as grounds for his claim of illegal detention. In fact his conviction of the crime of robbery with a prior conviction was affirmed by the Arizona Supreme Court on October 19, 1960. See State v. Holman, 88 Ariz. 280, 356 P.2d 27 (1960).

■ It has been held that the writ of habeas corpus may not be utilized for the purpose of correcting alleged mistreatment of a prison inmate by prison authorities subsequent to valid judgment and commitment. Application of Dutton, 95 Ariz. 96, 387 P.2d 799 (1963), cert. den., 377 U.S. 913, 84 S.Ct. 1176, 12 L.Ed.2d 182. The California courts, on the other hand, have held that the writ may be used not only to test jurisdiction, but also to protect the fundamental basic rights of prisoners. In re Riddle, 57 Cal.2d 848, 22 Cal.Rptr. 472, 372 P.2d 304 (1962) and cases cited therein.[1] A convicted felon such as appellant, although his civil rights are suspended (A.R.S. § 13–1653, subsec. A) is nevertheless a "person" entitled to the protection of the Fourteenth Amendment as to equal protection, Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1950), and due process. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1940).

■ We agree with appellant that a discriminatory denial of the statutory right of appeal is a violation of the equal protection clause of the Fourteenth Amendment. Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453 (1942). However, so long as he has been provided with the appellate review to which he is entitled, constitutional guarantees do not require his absolute discharge. Baragan v. Eyman, 93 Ariz. 227, 230, 379 P.2d 900 (1963); Dowd v. United States ex rel. Cook, supra. Appellant has been afforded appellate review by the highest court of this state. Apparently he was dissatisfied with the outcome of his appeal. However, his "Application for a Writ of Certiorari," prepared more than two years after affirmance of his conviction by the Arizona Supreme Court, was not timely. Rule 22, Rules of the Supreme Court, 28 U.S.C.A. A fortiori the delay in mailing appellant's documents did not operate to deprive him of "appellate review to which he was entitled."

The order denying the writ of habeas corpus and the appellant's subsequent "motion for reconsideration" is hereby affirmed.

MOLLOY and KRUCKER, JJ., concur.

---

1. In the case of Baragan v. Eyman, 93 Ariz. 227, 379 P.2d 900 (1963), habeas corpus proceedings were used to review an erroneous denial of petitioner's motion for leave to file a notice of appeal in forma pauperis.