461 P.2d 177

Ruth V. STEVENS, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona,
Respondent,

Circle K Food Stores, Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 216.

Court of Appeals of Arizona,
Division 1.

Department A.

Nov. 25, 1969.

Rehearing Denied Dec. 18, 1969.

Review Denied Jan. 27, 1970.

Strickland, Altaffer, Davis & Eppstein,
Tucson, by Robert W. Eppstein, Tucson, for
petitioner.

Donald L. Cross, Chief Counsel, for re-
spondent, Industrial Commission of Ari-
zona.

Robert K. Park, Chief Counsel, by Dee-
Dee Samet, Phoenix, for respondent Car-
rier State Compensation Fund.

STEVENS, Judge.

The petitioner sustained an industrially
related injury on or about 4 April 1966.
Her actual average monthly earnings at

the time of her injury were less than $200 a month. The sole issue before this Court is whether A.R.S. § 23–1041, subsec. F, which section has since been amended, required that The Industrial Commission use a "floor figure" of $200 a month in making its award of permanent compensation.

## PROCEDURAL BACKGROUND

After the injury and without a formal hearing having been requested, the petitioner was denied compensation for the reason that the Commission held that her injury was not industrially related. Timely procedural steps were taken. A formal hearing was held. Thereafter and on 2 November 1967, The Industrial Commission entered an award which set aside its earlier action denying compensation; finding an industrially related injury which bore a causal relationship to her then physical condition. We quote portions of the findings of this award:

"4. That on the basis of the foregoing, applicant has sustained an unscheduled permanent partial disability to her neck as a result of her industrial injury of April 4, 1966.

\*　　\*　　\*　　\*　　\*　　\*

"6. That the average monthly wage of said applicant at the time of said personal injury was the sum of $200.00, minimum wage in accordance with A.R.S., Section 23–1041."

The award further found a stationary physical condition as of 7 February 1967 and terminated her temporary disability status as of that date. The Commission retained jurisdiction to determine loss of earning capacity. The award contained a 20-day clause.

No procedural steps were taken in relation to the November 1967 award and pursuant to Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (Decided on 7 November 1969), the award became res judicata.

The file reflects investigation on the subject of earnings both prior to and subsequent to the injury of April 1966. Without further hearings, the Commission entered its award of 19 June 1968, which is the basis of the presently considered writ of certiorari. The June 1968 award held that findings 1 through 8, two of which are quoted above, had become res judicata. The critical finding is quoted as follows:

"3. That during the period of February 8, 1967 through May 31, 1968 said applicant has earned an average monthly wage of $87.60 and compared with her actual earnings prior to injury she has suffered a 47.06% loss of earning capacity entitling her to the sum of $42.-82 monthly until further order of the Commission under the provisions of A.R.S., Section 23–1044, C & D, 1956."

This award contained a 20-day clause. On the 19th day following the award, without seeking further procedural steps before the Commission, the petitioner filed her petition for a writ of certiorari in the Court of Appeals. The respondents moved to quash urging a lack of jurisdiction by reason of her failure to exhaust the administrative remedies available to her before the Commission. The Court of Appeals denied the motion. In the case of Stevens v. Industrial Commission, 104 Ariz. 293, 451 P.2d 874 (1969), the Arizona Supreme Court affirmed the action of the Court of Appeals. We quote from the opinion of the Supreme Court:

"The only issue before this Court is whether a petitioner who has requested and been granted a rehearing for an award of the State Industrial Commission, and who has received a new award, is required to request an additional rehearing on the new award before seeking relief from the Court of Appeals by writ of certiorari.

\*　　\*　　\*　　\*　　\*　　\*

"Petitioner in the present case has fulfilled the statutory prerequisites to her petition for writ of certiorari to the Court of Appeals. A rehearing was requested and granted, resulting in the new award by the respondent Commis-

sion. Applications for further rehearings are not necessary in order to give the Court of Appeals jurisdiction to now determine whether the Commission used the correct method of calculating the amount of petitioner's award."

Thereafter the case was briefed, argued and taken under advisement.

## WAGE BASE USED

The 19 June 1968 award did not expressly find a dollar amount representing the petitioner's average monthly wage prior to her injury of 1966. Had the Commission used the figure of $200 and then applied the formula set forth in the above-quoted finding number three, the Commission would have found that her post-injury monthly earnings of $87.60 per month was 43.1% of her pre-injury earnings or 56.9% loss of earning capacity rather than a 47.06% loss of earning capacity. Under these circumstances, even in the absence of an express finding as to her pre-injury average monthly wages, by a simple arithmetic calculation, it appears that the Commission fixed her pre-injury average monthly wages at a figure less than $200.

## THE STATUTES

A history of the Workmen's Compensation Act is set forth in Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964). Therein it was held that the Legislature did not have the power to reduce the benefits fixed by the original Act. There was a modification of the original Act by imposing a ceiling of $1,000 a month as and for earnings, an amendment to A.R.S. § 23–1041, subsec. E, which amendment was approved by a vote of the people in 1948 in relation to an initiated measure. In our opinion the Constitution does not prohibit the Legislature from increasing benefits and from thereafter withdrawing or modifying the increase.

In addition to the 1948 amendment, the original Act places some ceilings on compensation regardless of the factual effect upon the loss of earning capacity of the injured workman. See certain types of hernias under A.R.S. § 23–1043 and the list of scheduled injuries in A.R.S. § 23–1044, subsec. B.

Prior to 1963 there was no minimum or "floor" in relation to average monthly wages. Persons of low income were often denied temporary disability payments for an unreasonable period of time by reason of the unsatisfactory wage earning evidence.

It is the contention of the petitioner that by the enactment of Chapter 18 of the Laws of 1963, the Arizona Legislature established an average monthly wage "floor" of $200 a month for awards of both temporary and permanent compensation. Chapter 18 added subsection F to A.R.S. § 23–1041.

The title to the Act reads as follows:

"AN ACT RELATING TO WORKMEN'S COMPENSATION; PRESCRIBING A MINIMUM WAGE PRIOR TO DETERMINATION OF AVERAGE MONTHLY WAGE AND THEREAFTER, AND AMENDING SECTION 23–1041, ARIZONA REVISED STATUTES."

The added subsection reads as follows:

"F. Prior to determination of average monthly wage and thereafter compensation shall be paid on a basis of a minimum monthly wage of two hundred dollars for employees twenty-one years of age or over."

The Fund urges that the "wage floor" related only to temporary compensation payable before the actual average monthly wage had been determined. The Fund quoted the title of House Bill 203 which, after amendment in the legislative process, became Chapter 18.

The title to House Bill 203 as first introduced read as follows:

"AN ACT Relating to Workmen's Compensation; Prescribing a Minimum Wage Pending Determination of Aver-

age *Monthly Wage, and Amending Section 23–1041, Arizona Revised Statutes.*", and the proposed amendment as first introduced read as follows:

"F. COMPENSATION SHALL BE PAID ON A BASIS OF A MINIMUM MONTHLY WAGE OF TWO HUNDRED DOLLARS FOR EMPLOYEES TWENTY-ONE YEARS OF AGE OR OVER."

In the *Fourth* Special Session of the Twenty-eighth Legislature, in the year 1968, the Arizona Legislature adopted Chapter 6, effective 1 January 1969. See § 75 of the Act. The title to the Act states that the Act amends, among other sections, § 23–1041. In the 1968 Act, the language of subsection F was amended to delete the words "and thereafter" which were contained in the 1963 Act. This subsection now reads:

"F. Prior to determination of average monthly wage, compensation shall be paid on a basis of a minimum monthly wage of two hundred dollars for employees twenty-one years of age or over."

We make reference to the title of these Acts as well as to the content of the Acts for the reason that § 13, Part 2, Article IV of the Arizona Constitution, A.R.S. requires that the subject of each Act "shall be expressed in the title."

█ In Magana v. Industrial Commission, 4 Ariz.App. 453, 421 P.2d 535 (1966), we discussed A.R.S. § 23–1041, subsec. F, as amended in 1963, and held that this added subsection did not apply to injuries which had been sustained prior to its effective date. Under the same reasoning subsection F as amended, effective 1 January 1969, is not retroactive. The rights of the petitioner must be determined by reference to the 1963 Act.

█ By comparing House Bill 203 and Chapter 18, as quoted above, it appears obvious to us that when the Legislature amended the Act during the legislative process and added the words "and thereafter," it established a "floor" of $200 a month for the average monthly wage of an injured workman *both* in relation to temporary disability payments and the permanent award, and we so hold. It is urged by the Fund that such an interpretation is unrealistic. We not only believe that it is not unrealistic, but we also hold that this is the plain meaning of the law.

## RES JUDICATA

█ Since under Talley finding number six of the 2 November 1967 award became res judicata, does this require that we affirm the award now in question? We hold to the contrary. The Fund urges its interpretation of said finding six to be that the $200 wage floor applied only until an average monthly wage had been found and that this was the intent of the Commission. Had this been the intent of the Commission, it could have been so stated in express language. The wording of finding number 6 is consistent with the language used in the law and is consistent with this opinion. We do not hold that the Commission adopted an erroneous interpretation of subsection F in the absence of a clear expression to the contrary.

We express no opinion as to what other claims files may reflect. We hold under the circumstances of this claims file that the petitioner's award for a permanent disability was required to be based upon pre-injury average monthly wage fixed by statute at the sum of $200 a month.

The award is set aside.

DONOFRIO, P. J., Department A and CAMERON, J., concur.