478 P.2d 530

William VAUGHN, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Frank C. Metler and Edward R. Metler (Metler Brothers Drilling Company), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 375.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 7, 1971.

David S. Wine, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for Industrial Comm. of Arizona.

Robert K. Park, Chief Counsel by Harlan J. Crossman, Phoenix, for State Compensation Fund.

HAIRE, Judge.

In this review by certiorari of a Workmen's Compensation award entered by the Industrial Commission, petitioner contends

that the evidence was not sufficient to sustain the finding that he had incurred no permanent disability as a result of his industrial injury. Petitioner further contends that he was denied the opportunity to cross-examine certain medical witnesses, and that he was wrongfully denied the opportunity to present medical testimony through no fault of his own. For the reasons hereinafter set forth, we reject all of petitioner's contentions and affirm the award entered by the Commission.

Petitioner suffered a compensable back injury on September 1, 1964. Proceedings before the Commission culminated in an award entered on January 4, 1967, finding that petitioner had no further disability resulting from the industrial accident.[1] It appears that the Commission's decision was based primarily upon a file review report dated December 5, 1966, submitted by a medical advisory board which stated that petitioner's condition was stationary and that he did not have any permanent disability resulting from his injury.

On January 23, 1967, petitioner filed his petition and application for rehearing stating "Petitioner wishes to introduce new or additional evidence that he is permanently disabled as a result of the accident, and new and additional evidence will be offered by medical practitioners retained by the applicant." However, it is apparent from correspondence in the file that petitioner did not at that time have, nor did he thereafter obtain, "new and additional evidence" by "medical practitioners" to offer to the Commission. Commission proceedings on petitioner's application for rehearing were complicated by the fact that on May 9, 1967, petitioner was sent to the Arizona State Prison after being convicted of a felony, rape. Suffice it to say at this point that hearings on the application for rehearing were finally held at the prison on November 26, 1968 and August 29, 1969. Thereafter on November 7, 1969, the Com-

mission entered its Decision upon Rehearing and Findings and Award, affirming its prior award by again finding no permanent disability as a result of the injury of September 1, 1964.

█ This Court has previously considered the contention that a "file review" report by a medical advisory board is insufficient to support an award by the Commission. See Piepkorn v. Industrial Commission, 9 Ariz.App. 532, 454 P.2d 580 (1969). Such evidence is competent and can be considered by the Commission for all purposes. Where, as was the case here, many of the members of the medical advisory board have had the opportunity to personally examine the claimant as well as to examine the contents of the file, there is even less reason to question the competency of this type of evidence. The evidence considered by the Commission was sufficient to support the challenged finding.

█ Petitioner next contends that he was denied the opportunity to cross-examine the medical witnesses whose reports appear in the file. However, petitioner does not allege or contend that he ever made any request for such cross-examination or that he requested that subpoenas be issued for any of these medical witnesses. The Commission cannot be required to clairvoyantly determine petitioner's desires for cross-examination. Here the petitioner knew the contents of the file and failed to make any request that these medical witnesses be made available for cross-examination. Under these circumstances, petitioner has not been denied the opportunity for cross-examination. See Abounader v. Industrial Commission, 12 Ariz.App. 535, 473 P.2d 460 (1970). It is true that petitioner was denied the right to cross-examine Dr. Clemans, the prison's physician. A report had been filed with the Commission originating from an examination of petitioner by Dr. Clemans. This report indicated that it was Dr. Clemans' opinion that petitioner

---

1. The January 4, 1967 award was amended by an award dated March 7, 1967, so as to include compensation for an intermediate period of temporary disability which had been erroneously excluded in the January 4, 1967 award.

**534**

was a malingerer. In a subsequent hearing at the prison, Dr. Clemans refused to respond to cross-examination by petitioner's counsel. Based upon this refusal, the referee ordered the report and all testimony by Dr. Clemans stricken from the file.[2] Petitioner has not pointed out any prejudice, nor can we ascertain any such prejudice resulting to petitioner based upon this action by the referee.

 Petitioner's final contention is that he was denied the opportunity to present additional medical testimony through no fault of his own, and thus the award should be set aside so as to allow him to present such medical testimony if and when he is able to present the same. This contention is based upon the fact that at the time of the last two hearings in this matter, petitioner was incarcerated at the State Prison.[3] In this connection it should be noted that there is no indication that the Commission excluded or failed to consider the testimony of petitioner's lay witnesses who testified at these hearings.

Under the facts of this case, we are not impressed with this contention. Petitioner was first advised of the medical advisory board's adverse report on his claim on December 13, 1966. Thereafter on January 4, 1967 (some four months prior to his imprisonment) the Commission entered its complained-of award. There is no showing that petitioner did not have ample opportunity either before the entry of the award or thereafter prior to his imprisonment to obtain medical testimony (if any exists) in support of his claimed disability. It is true that because of his imprisonment and the consequent limitation on his physical freedom, petitioner's quest for possible medical rebuttal witnesses has been severely curtailed. However this is not the fault of the Commission or the respondent carrier. Fur-

ther, as pointed out above, petitioner had ample opportunity to search for such witnesses prior to his imprisonment. This contention does not furnish any grounds which would support a reversal of the Commission's award.

The award is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.

---

2. Dr. Clemans' report was filed long after the medical advisory board examined the file. Therefore it cannot be urged that the medical advisory board considered evidence later stricken from the file.

3. The effect of A.R.S. § 13–1653 upon this contention has not been briefed by the parties and therefore has not been considered by the Court. However, see in this regard, Hanna, "The Convict and the Compensation Law", 34 Calif.L.Rev. 167 (1946).