**1**

490 P.2d 578

**Dolph C. COSPER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Watson-Wilson Transportation System, Respondent Employer-Carrier.**

**No. I CA–IC 505.**

Court of Appeals of Arizona,
Division 1,
Nov. 16, 1971.

Department A.

Gorey & Ely by Stephen S. Gorey, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Comm. of Ariz., Phoenix, for respondent.

Shimmel, Hill & Bishop, P. C. by Merton E. Marks, Phoenix, for respondent employer-carrier.

CASE, Judge.

Petitioner questions the lawfulness of a decision upon rehearing and findings and award of The Industrial Commission issued on 27 May 1970. On 21 July 1968, petitioner, a truck driver, suffered a hernia upon stepping down from his truck to the ground. On 23 August 1968, the Commission entered findings and award for non-compensable claim. A letter by petitioner, considered as a petition for rehearing, resulted in a formal hearing on 15 October 1968, at which time petitioner, pro se, appeared and testified. The Commission entered a decision for compensable claim which was protested by the employer-insurance carrier. On 3 January 1969, the Commission denied the rehearing and affirmed the previous award. There was no appeal or protest from this decision.

On 6 February 1969, the Commission issued Record of Commission's Action #1 which specifically allowed compensation from 23 August 1968 to 21 October 1968 noting a 60-day limit on hernias. Record of Commission's Action #2 amending the award of 6 February 1969 was issued on 17 March 1969. Petitioner's letter dated 5 April 1969 and received 8 April 1969 protested the limitation of compensation to 60 days. A petition for rehearing was filed 28 April 1969. On 1 December 1969, a hearing was held in Cottonwood, Arizona and on 31 March 1970 a final hearing was held in Phoenix, Arizona.

The Commission's findings and award of 21 May 1970 ruled the issue of compensability res judicata as having been previously determined by the award of 3 January

1969 from which no appeal was taken; both Records of Commission's Actions #1 and tioner's hernia was not a "real traumatic #2 became final without protest; and peti-hernia" but one for which benefits are governed by Section 23–1043, subsec. 2, A.R.S.

Petitioner questions the Commission's determination that his hernia was not a real traumatic hernia as defined in Section 23–1043, subsec. 1, A.R.S. For the reasons discussed hereafter we need not reach this issue.

At the hearing in Cottonwood, petitioner and Dr. Edward C. Bill testified that petitioner had a recent history of previous hernias. The referee's report following the hearing clearly indicated that the hernia was governed by Section 23–1043, A.R.S., paragraph (2) and not paragraph (1) since in his discussion the referee sets forth verbatim paragraph (2) and discusses particularly the requirements of a paragraph (2) hernia while ignoring paragraph (1) and recommends compensation be limited in accordance with the statute to two months. The Commission's decision upon hearing findings and award for compensable claims issued 19 November 1968 found petitioner entitled to accident benefits and compensation pursuant to Section 23–1043, A.R.S. without specifying the paragraph (1) or (2). Petitioner never questioned this award though the employer sought rehearing on the issue of compensability which was denied and never protested.

Furthermore, two Records of Commission's Actions, also never timely protested, were entered which in part stated:

"Injured 7–21–68. First seen by doctor 7–21–68 who diagnosed recurrent ventral hernia. Last day worked 7–21–68. Entered hospital 8–23–68. Compensation payable from 8–23–68. Compensation payable through 10–21–68. (60 day limit on hernias). Dependents. Wage $1,000."

It appears to this Court that the issue of compensability together with the issue of the type of hernia as well as the amount and length of compensation have been fixed by the Commission, not protested and are now res judicata and determinative of this matter. Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969); Guy F. Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547 (1944); Stevens v. Industrial Commission, 11 Ariz.App. 1, 461 P.2d 177 (1969).

Accordingly, we affirm the award.

STEVENS, P. J., and DONOFRIO, J., concur.