785 P.2d 111

**STATE of Arizona, Appellee,**

v.

**Clayton J. WOODALL, Appellant.**

**No. 1 CA–CR 88–991.**

Court of Appeals of Arizona,
Division 1, Department D.

Dec. 28, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Ronald L. Crismon, Asst. Chief Counsel, Dept. of Law, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

GRANT, Chief Judge.

The only issue on appeal is whether a court may order an imprisoned defendant to make criminal restitution payments when the sole income from which those payments will be paid is a workers' compensation award.

## FACTS

Clayton J. Woodall (Woodall) was convicted of several serious felonies in connection with a drunk driving accident. *State v. Woodall*, 155 Ariz. 1, 744 P.2d 732 (App. 1987). He filed several petitions for post-conviction relief. One of these petitions was granted, and Woodall was resentenced.

At the restitution hearing held on August 12, 1988, Woodall was ordered to pay $11,440.09 in restitution. He testified that he received $360.00 per month from a workers' compensation award. One-half of this award went to his former wife for child support. The remaining amount was sent to the attorney who represented Woodall in the compensation action. That attorney, acting under power of attorney, took $92 out of the award for his fee and sent $90 to Woodall. Woodall testified that this portion of the award was his only income and that he had no other assets, and the court made a similar finding in the record. The court then ordered Woodall to pay $75 per month in restitution, beginning September 1, 1988, with the amount to be increased by $92.00 once his attorney's fees were completely paid.[1]

1. There was some confusion in the record as to the monthly amount paid to the attorney. The

## DISCUSSION

Woodall argues on appeal that the trial court erred in ordering restitution payments out of his workers' compensation award because A.R.S. § 23–1068 prohibits attachment, garnishment or execution of such awards. The state concedes error, and joins Woodall in asking this court to vacate the restitution order. We agree that the portion of the order establishing the manner in which the restitution is to be paid must be vacated.

It is well-settled that workers' compensation awards are protected from civil judgments. A.R.S. § 23–1068(B) provides in pertinent part that workers' compensation "shall be exempt from attachment, garnishment and execution, and shall not pass to another person by operation of law...." The only exception provided by statute is for an employer who pays benefits before the injury is determined to be compensable. Our courts have also allowed claims relating to familial support obligations, reasoning that workers' compensation is intended to benefit injured workers and their families. *See* Ariz. Const. art. 18, § 8; *Argonaut Ins. Co. v. Lyons*, 159 Ariz. 267, 766 P.2d 619 (App.1988); *Industrial Comm'n v. Oden*, 68 Ariz. 234, 204 P.2d 849 (1949). *See also Bagalini v. Arizona Dept. of Economic Security*, 135 Ariz. 326, 660 P.2d 1253 (App.1983) (rationale applied to unemployment benefits); and *Rose v. Rose*, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987) (child support against veterans benefits).

However, these are the only claims which have been recognized in Arizona against workers' compensation awards. For example, in *Vukovich v. Ossic*, 50 Ariz. 194, 70 P.2d 324 (1937), the plaintiff obtained a writ of garnishment against the defendant's bank account for the meals and money he had given the defendant while his workers' compensation claim was pending. The defendant moved to quash the writ on

court found the amount was $92.

the ground that the money in the account was from a compensation award and was therefore exempt from garnishment. The trial court agreed and quashed the writ. Our supreme court affirmed on appeal, holding that "compensation may not be taken in payment of debts of any character." *Id.* at 201, 70 P.2d at 327. In addition, this court has held that criminal defendants do not forfeit their right to receive workers' compensation during imprisonment. *Bearden v. Industrial Comm'n,* 14 Ariz.App. 336, 483 P.2d 568 (1971). *See also Bennett v. Arkansas,* 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988) (federal statute prohibiting attachments of social security benefits to defray cost of incarceration overrides conflicting state statute).

Our research fails to reveal any case in Arizona or elsewhere addressing whether a claim for criminal restitution may be had against workers' compensation. We have found cases which address whether public agencies may recover aid given to a claimant from his workers' compensation award. The results in these cases depend on the applicable statutory language.[2]

For example, in *McDougald v. Norton,* 361 F.Supp. 1325 (D.Conn.1973), an injured worker applied for compensation. While her claim was pending, she received aid from the state. Soon thereafter, she assigned her workers' compensation claim to the state to the extent of public assistance she would receive. The Connecticut workers' compensation statute exempted awards from attachment, execution and assignment. However, another statute, dealing with public assistance, provided that any recovery obtained for injury was assignable to the state by those receiving public assistance "irrespective of any other provision of law." *Id.* at 1326 n. 1. Given this statute, the court found that liens held by the state for repayment of public assistance did not violate the prohibition against

attachment, assignment or execution as long as the state sought to recover only the amount actually expended for care. *Id.* at 1328.

In this case, the court determined the manner of restitution payments pursuant to A.R.S. § 13–804. This statute demonstrates a strong legislative intent to compensate victims through criminal restitution. For example, subsection (D) directs the court to "make all reasonable efforts to ensure that all persons entitled to restitution pursuant to a court order receive full restitution within a reasonable period of time. The court may enter any reasonable order necessary to accomplish this." In addition, A.R.S. § 13–806 allows any person entitled to restitution to file a restitution lien.

However, our statutes indicate that restitution claims are equal, not superior, to other civil claims. Arizona Revised Statutes § 13–805(B) provides that judgments awarding restitution "may be enforced and renewed as any civil judgment." Under A.R.S. § 13–810(C)(3), a court may authorize victims "to take whatever measures for the collection of the fine or restitution as are authorized for the collection of an unpaid civil judgment entered against the defendant in an action on a debt." The right of the victim "to obtain any order or injunction, receivership, writ, attachment, garnishment, or other remedy authorized by law" is specifically left intact. A.R.S. § 13–806(G). Finally, A.R.S. § 13–806(F) provides that the state's restitution liens are still subservient to prior perfected liens.

Because the statutes do not provide for collection of criminal restitution against workers' compensation awards or indicate that criminal restitution is an additional exception to the prohibition against attachment, execution and assignment of compen-

---

2. *Compare Ogdon v. Workmen's Compensation Appeals Board,* 11 Cal.3d 192, 520 P.2d 1022, 113 Cal.Rptr. 206 (1974) (California Supreme Court disallowed reimbursement against a workers' compensation award for "public assistance" payments made to a claimant pending the resolution of his claim because the legislature had made no specific provision in the "public assist-

ance" statutes for recovery of the payments). with *Santa Barbara County v. Workers' Compensation Appeals Board,* 53 Cal.App.3d 820, 126 Cal.Rptr. 281 (1975) (appellate court allowed claim for "general assistance" against the award because the "general assistance" statute implicitly provided for recovery of reasonable living expenses).

sation awards, we conclude that the trial court erred in ordering the defendant to pay restitution out of his award.

## DISPOSITION

The portion of the judgment establishing the method and amount of payment is vacated, and the case is remanded to the trial court for a redetermination of payment of restitution with directions not to consider the defendant's workers' compensation award.

CLABORNE, P.J., and BROOKS, J., concur.